UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ADAM JACKSON, #11968-031,

    Petitioner,

v.                                                                                  Case No. 18-12608

J. A. TERRIS,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE
THE PETITION FOR A WRIT OF HABEAS CORPUS**

Federal prisoner James Adam Jackson ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks relief from his federal criminal conviction(s) and sentence(s) and a remand for re-sentencing.

Promptly after the filing of a habeas petition, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily

any habeas petition that appears legally insufficient on its face"); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). A petition may also be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal citations omitted).

Federal Rule of Civil Procedure 3 explains that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. "The logical conclusion, therefore, is that a habeas suit begins with the filing of an application for habeas corpus relief – the equivalent of a complaint in an ordinary civil case." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Pleadings filed by prisoners who are unrepresented by legal counsel are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, even a pro se prisoner's habeas petition must set forth a claim upon which federal habeas relief may be granted. *See* Fed. R. Civ. P. 8(a)(2) (providing that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also* Rule 2(c) and (d) of the Rules Governing Section 2254 Cases (providing that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) (internal citation omitted); *see also Perez*, 157 F. Supp. 2d at 796 (a habeas petition "must set

forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

Petitioner fails to meet such pleading standards in this case. His habeas petition, which asserts that he should be allowed to proceed under 28 U.S.C. § 2241 because his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, does not list his federal conviction(s) or sentence(s), does not list any specific legal grounds for habeas relief, and does not provide a factual basis for any federal constitutional claims. Rather, the petition merely states that he is challenging the execution of his sentence which was imposed in the United States District Court for the District of Kansas and that he is raising a due process claim under the Fifth Amendment. Such a vague and conclusory petition fails to comply with the federal rules governing habeas cases and civil procedure. Conclusory allegations are insufficient to warrant federal habeas relief. *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39–40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) ("bald assertions and conclusory allegations" are insufficient to warrant an evidentiary hearing on habeas review). Moreover, given the vagueness of the petition, the court is unable to determine whether Petitioner should even be allowed to proceed under 28 U.S.C. § 2241 in this case.

Accordingly, for the reasons stated, the court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. This dismissal is without prejudice to Petitioner filing a new habeas action with a more detailed petition which complies with

federal pleading standards. The court makes no determination as to the merits of any such petition. This case is closed. The court does not retain jurisdiction over this matter.

Lastly, the court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this court or the United States Court of Appeals for the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED***.*

                                  s/Robert H. Cleland
                                  ROBERT H. CLELAND
                                  UNITED STATES DISTRICT JUDGE

Date: September 26, 2018

I hereby certify that on September 26, 2018 a copy of this order was served upon Petitioner by first-class U.S. mail.

                                  s/William Barkholz for Lisa Wagner
                                  Case Manager